UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

BRENT C. BAACKES
1612 Coolidge Street, #4
New Holstein, Wisconsin 53061

    Plaintiff,

vs.                                 Case No: 14-CV-1098

FREIS DISTRIBUTING COMPANY, LLC    **JURY TRIAL DEMANDED**
530 Highway 67
P.O. Box 103
Kiel, Wisconsin 53042

    Defendant.

---

## COMPLAINT

---

    COMES NOW the Plaintiff, Brent Baackes, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against the Defendant, alleges and shows to the court as follows:

    1.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this case involves a federal question under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

    2.    This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's state law claims, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

    3.    Venue in this District is proper pursuant to 28 U.S.C. §1391(b) and (c), because a substantial portion of the events or omissions giving rise to the claims occurred in this District,

and Defendant has substantial and systematic contacts in this District.

4. Plaintiff, Brent C. Baackes, is an adult male resident of the State of Wisconsin residing in Calumet County with a post office address of 1612 Coolidge Street, #4, New Holstein, Wisconsin 53061.

5. Defendant, Freis Distributing Company, LLC ("Freis Distributing"), is a Wisconsin limited liability company with a principal office of 530 Highway 67, Kiel, Wisconsin 53042, and a mailing address of P.O. Box 103, Kiel, Wisconsin 53042.

6. Defendant provides food distribution services throughout the State of Wisconsin.

7. Upon information and belief, Defendant does not provide food distribution services in any state other than the State of Wisconsin.

8. Mr. Baackes was employed by Defendant as a non-exempt, hourly employee within the three years preceding the filing of this Complaint.

9. Mr. Baackes' last day of work at Defendant was June 27, 2014.

10. On or about June 12, 2012, Defendant hired Mr. Baackes as a Delivery Driver and Merchandiser.

11. As a Delivery Driver and Merchandiser, Mr. Baackes was a non-exempt, hourly employee and initially earned $12.00 per hour.

12. In or about February 2013, Defendant increased Mr. Baackes' hourly wage from $12.00 per hour to $13.00 per hour.

13. In or about July 2013, Defendant increased Mr. Baackes' hourly wages from $13.00 per hour to $14.00 per hour.

14. At the time Defendant terminated Mr. Baackes' employment on June 27, 2014,

2

Defendant compensated Mr. Baackes at an hourly rate of $14.00 per hour.

15. Mr. Baackes was employed full-time (approximately forty (40) hours or more per work week) as a Delivery Driver and Merchandiser throughout his employment with Defendant.

16. As a Delivery Driver and Merchandiser at Defendant, Mr. Baackes was responsible for loading and delivering food products to customers via cargo van in the Madison, Brookfield, Delafield, Pewaukee, Waukesha, Milwaukee, Menomonee Falls, Germantown, and Oconomowoc, Wisconsin areas, unloading food products at the customers' locations, checking the food products in at the customers' locations, and stocking displays and handling the merchandising of the food products at the customers' locations.

17. As a Delivery Driver and Merchandiser at Defendant, Mr. Baackes was not responsible for and did not conduct sales of Defendant's products.

18. As a Delivery Driver and Merchandiser, Mr. Baackes began and ended his work days at Defendant.

19. During his employment at Defendant, Mr. Baackes frequently worked in excess of forty (40) hours per week.

20. During Mr. Baackes' employment at Defendant, Defendant suffered or permitted Mr. Baackes to work without appropriately compensating Mr. Baackes for each hour worked.

21. During Mr. Baackes' employment at Defendant, Defendant required Mr. Baackes to record his time by punching in and out on a punch clock using a timecard on Defendant's premises.

22. Mr. Baackes accurately recorded his hours worked on his timecards while he was employed at Defendant.

23. Immediately after clocking-in for a shift, Mr. Baackes began performing

3

compensable work.

24. Immediately prior to clocking-out for a shift, Mr. Baackes performed compensable work.

25. During Mr. Baackes' employment at Defendant, Defendant's workweek was Sunday through Saturday.

26. During Mr. Baackes' employment at Defendant, Defendant's employees, including Mr. Baackes, kept their timecards immediately next to the punch clock.

27. During Mr. Baackes' employment at Defendant, Defendant collected its employees' timecards each Wednesday for review.

28. During Mr. Baackes' employment at Defendant, Defendant paid its employees on Fridays by placing the employees' paychecks in their respective timecard slots.

29. Defendant received all of Mr. Baackes' timecards during his employment at Defendant.

30. At no time during Mr. Baackes' employment at Defendant did any member of Defendant's management inform Mr. Baackes that a specific process had to be followed in order to record or be compensated for work performed in excess of forty (40) hours, other than to simply leave his timecards in his respective slot for collection by Defendant.

31. During Mr. Baackes' employment at Defendant, Defendant occasionally compensated him for overtime hours worked.

32. During Mr. Baackes' employment at Defendant, Defendant did not compensate him for all overtime hours worked.

33. Mr. Baackes did not do anything differently or use a different process to report his

4

overtime hours worked to Defendant for which Defendant properly compensated him, as compared to occasions when Defendant did not properly compensate him for those hours worked.

34. At no time during Mr. Baackes' employment at Defendant did Defendant require Mr. Baackes to receive explicit permission or authorization to work overtime.

35. At no time during Mr. Baackes' employment at Defendant did Mr. Baackes seek explicit permission or authorization to work overtime prior to so doing, including occasions for which Defendant properly compensated him for his overtime hours worked.

36. Upon information and belief, Defendant did not maintain any written policies regarding or relating to timekeeping during Mr. Baackes' employment at Defendant.

37. During Mr. Baackes' employment at Defendant, Mr. Baackes reported to Joe Williams, General Manager, who reported to Jim Freis, Owner.

38. During Mr. Baackes' employment at Defendant, Williams personally signed each employee's paycheck.

39. During Mr. Baackes' employment at Defendant, Williams personally signed each employee's timecard.

40. Upon information and belief and during Mr. Baackes' employment at Defendant, Williams personally signed each employee's timecard, including Mr. Baackes' timecard, subsequent to reviewing the timecard.

41. Upon information and belief and during Mr. Baackes' employment at Defendant, Williams collected Defendant's employees' timecards, including Mr. Baackes' timecards, on Wednesdays.

42. During Mr. Baackes' employment at Defendant, Freis made comments to Mr.

Baackes regarding hours he worked in addition to forty (40) hours in a workweek for which Defendant did not properly compensate him, such as "We really appreciate it," "We'll take care of you," "We'll always take care of you," and "It'll work itself out."

43. During Mr. Baackes' employment at Defendant, and in or about June 2013 when Defendant provided Mr. Baackes a raise to $14.00 per hour from $13.00 per hour, Freis told Mr. Baackes that he could not afford to pay him overtime wages for all of the hours he worked, was working, and was going to work.

44. During Mr. Baackes' employment at Defendant, Freis told Mr. Baackes that Defendant would pay for Mr. Baackes to enjoy a weekend in the Wisconsin Dells, in relation to the hours he worked in excess of forty (40) per workweek for which Defendant did not properly compensate him.

45. During Mr. Baackes' employment at Defendant, and in relation to the hours he worked in excess of forty (40) per workweek for which Defendant did not properly compensate him, Mr. Baackes told Williams, "It's getting to be a lot of overtime. I think it might be against the law, too." In response, Williams stated, "Well, you know, it's kind of what we've been doing."

46. On Monday, June 23, 2014, Mr. Baackes verbally complained about his unpaid overtime to Brian Turkiewicz, a coworker, and further stated that the "company was possibly being sued by someone and closing the doors" at Defendant.

47. On Friday, June 27, 2014, and while Mr. Baackes was performing his deliveries for Defendant, Freis called Mr. Baackes and instructed him to return to Defendant's facility.

48. When Mr. Baackes arrived at Defendant on June 27, 2014, Freis and Williams met with Mr. Baackes in Freis' office (the "June 27, 2014 termination meeting").

6

Case 1:14-cv-01098-WCG    Filed 09/10/14    Page 6 of 14    Document 1

49. During the June 27, 2014 termination meeting, Freis stated, "We're terminating your employment, effective immediately."

50. During the June 27, 2014 termination meeting, neither Freis nor Williams provided Mr. Baackes with a reason for his termination.

51. During the June 27, 2014 termination meeting, Defendant did not provide Mr. Baackes with a termination letter, form, or any other document identifying the reason(s) for his termination.

52. Prior to June 27, 2014, Defendant had not taken any formal, disciplinary action against Mr. Baackes.

53. Prior to June 27, 2014, Defendant did not raise any issues with Mr. Baackes' performance to Mr. Baackes.

54. Mr. Baackes was scheduled to take a vacation beginning on Monday, June 30, 2014.

55. Defendant intended to promote Mr. Baackes into a salaried Sales position upon Mr. Baackes' return from vacation, on or about July 7, 2014.

56. Mr. Baackes is unable to precisely identify the amount of overtime worked and unpaid in each workweek at issue because he does not have access to records which are or should be in the possession of Defendant and which would show the precise amount of work performed by Mr. Baackes.

57. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damage to Mr. Baackes.

### FIRST CAUSE OF ACTION – VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED

58. Mr. Baackes realleges and incorporates paragraphs 1 – 57 of this Complaint by

reference.

59. At all times material hereto, Mr. Baackes was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

60. At all times material hereto, Defendant was an employer of Mr. Baackes as provided under the FLSA.

61. Defendant violated the FLSA by failing to account for and compensate Mr. Baackes for overtime premium pay for each hour he worked in excess of forty (40) hours each workweek.

62. Defendant suffered and permitted Mr. Baackes to perform compensable work in excess of forty (40) hours each workweek without pay for that work.

63. The effect of such practices was for Defendant to deny Mr. Baackes his agreed upon wage for the hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) hours in a workweek.

64. In perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records for all time worked by Mr. Baackes.

65. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of good for commerce. 29 U.S.C. § 20(a)(1).

66. Defendant was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

67. Defendant's failure to properly compensate Mr. Baackes for all compensable

8

work time was willfully perpetrated. Defendant has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Mr. Baackes is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Mr. Baackes is entitled to an award of pre-judgment interest at the applicable legal rate.

68. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Mr. Baackes, for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

69. Mr. Baackes is entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint, plus period of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

70. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## SECOND CAUSE OF ACTION – RETALIATION UNDER THE FAIR LABOR STANDARDS ACT OF 1938, AS AMENDED

71. Mr. Baackes realleges and incorporates paragraphs 1 – 70 of this Complaint by reference.

72. Mr. Baackes' orally complained to Defendant about its failure to properly compensate him and for unpaid work time and overtime.

73. Mr. Baackes' oral complaints to Defendant constitute "filing a complaint" within the meaning of the FLSA.

74. Defendant violated the FLSA, 29 U.S.C. § 215(a)(3) by terminating Mr. Baackes' employment because he made complaints to Defendant relating to its alleged violations of the overtime provisions of the FLSA.

75. FLSA, 29 U.S.C. § 216(b) makes an employer who violates FLSA, 29 U.S.C. § 215(a)(3) liable for such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215 (a)(3), including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

76. Defendant retaliated against Mr. Baackes by terminating his employment for exercising his rights under the FLSA, 29 U.S.C. § 201 *et seq.*

**THIRD CAUSE OF ACTION – VIOLATION OF WISCONSIN WAGE PAYMENT AND COLLECTION LAWS – UNPAID OVERTIME**

77. Mr. Baackes realleges and incorporates paragraphs 1 – 76 of this Complaint by reference.

78. At all relevant times, Mr. Baackes was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r).

79. At all relevant times, Mr. Baackes was an employee of Defendant within the meaning of Wis. Stat. § 103.001(5).

80. At all relevant times, Mr. Baackes was an employee of Defendant within the meaning of Wis. Stat. § 104.01(2)(a).

81. At all relevant times, Defendant was an employer of Mr. Baackes within the meaning of Wis. Stat. § 109.01(2).

82. At all relevant times, Defendant was an employer of Mr. Baackes within the meaning of Wis. Stat. § 103.001(6).

83. At all relevant times, Defendant was an employer of Mr. Baackes within the meaning of Wis. Stat. § 104.01(3)(a).

84. At all relevant times, Defendant was an employer of Mr. Baackes within the meaning of Wis. Admin. § DWD 272.01(5).

85. At all times material hereto, Mr. Baackes regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities.

86. At all times material hereto, Defendant had common practices of willfully failing to properly pay Mr. Baackes overtime compensation.

87. The foregoing conduct, as alleged above, constitutes a willful violation of the Wisconsin Wage Payment and Collection Laws ("the WWPCL").

88. Defendant willfully failed to pay Mr. Baackes overtime premium compensation for all hours worked in excess of forty (40) hours a week, in violation of the WWPCL.

89. As set forth above, Mr. Baackes sustained losses in his compensation as a proximate result of Defendant's violations. Accordingly, Mr. Baackes seeks damages in the amount of his respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Mr. Baackes may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

90. Mr. Baackes seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**FOURTH CAUSE OF ACTION – VIOLATION OF WISCONSIN WAGE PAYMENT AND COLLECTION LAWS – FAILURE TO PAY AGREED UPON WAGE**

91. Mr. Baackes realleges and incorporates paragraphs 1 – 90 of this Complaint by reference.

92. Mr. Baackes has been entitled to payment from Defendant at the agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Mr. Baackes pursuant to Wis. Stat. § 109.03.

93. Defendant violated the WWPCL by failing to properly compensate Mr. Baackes for each hour he worked by willfully engaging in inaccurate timekeeping as described above.

94. As set forth above, Mr. Baackes sustained losses in his compensation as a proximate result of Defendant's violations. Accordingly, Mr. Baackes seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Mr. Baackes may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

95. Mr. Baackes seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202,

declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and are and were willful as defined in the FLSA and Wisconsin Law;

2. Issue an Order directing and requiring Defendant to pay Mr. Baackes damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which he was not paid pursuant to the rate provided by the FLSA and WWPCL;

3. Issue an Order directing and requiring Defendant to pay Mr. Baackes damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which he was not paid pursuant to the rate provided by the FLSA and WWPCL;

4. Issue an Order directing and requiring Defendant to pay Mr. Baackes liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to him;

5. Issue an Order directing and requiring Defendant to reinstate Mr. Baackes to his former position without any loss of seniority or benefits, or to pay Mr. Baackes damages in the form of front pay for a reasonable time period as determined by the Court;

6. Issue an Order directing and requiring Defendant to pay Mr. Baackes damages in the form of back pay from the time of his termination until the date of his reinstatement as a result of Defendant's unlawful termination of his employment;

7. Issue an Order directing Defendant to reimburse Mr. Baackes for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-

judgment interest; and

8. Grant to Mr. Baackes whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 10th day of September, 2014.

                                       WALCHESKE & LUZI, LLC
                                       Counsel for Plaintiff

                                       **_s/ James A. Walcheske_**
                                       James A. Walcheske, State Bar No. 1065635
                                       Scott S. Luzi, State Bar No. 1067405
                                       Jesse R. Dill, State Bar No. 1061704

WALCHESKE & LUZI, LLC
200 South Executive Drive, Suite 101
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
jdill@walcheskeluzi.com

14